STATE of Wisconsin, Plaintiff-Respondent,

v.

Elandis D. JOHNSON,
Defendant-Appellant-Petitioner.

Supreme Court

*Nos. 2007AP1114–CR, 2007AP1115–CR. Oral argument
September 12, 2008.—Decided June 23, 2009.*

(Affirming 2008 WI App 34, 307 Wis. 2d 735, 746 N.W.2d 581.)

## 2009 WI 57

(Also reported in 767 N.W.2d 207.)

PROSSER, J., concurs.
ZIEGLER, J., concurs.
ROGGENSACK and GABLEMAN, JJ., join.

For the defendant-appellant-petitioner there were briefs by *Meredith J. Ross* and the *Frank J. Remington Center, University of Wisconsin Law School* and oral argument by *Meredith J. Ross.*

For the plaintiff-respondent the cause was argued by *Pamela Magee,* assistant attorney general, with whom on the brief was *J.B. Van Hollen,* attorney general.

¶ 1. DAVID T. PROSSER, J. This is a review of a published decision of the court of appeals, *State v. Johnson,* 2008 WI App 34, 307 Wis. 2d 735, 746 N.W.2d 581 [hereinafter *Elandis Johnson*].[1] The decision affirmed an order of the Milwaukee County Circuit Court, Timothy M. Witkowiak, Judge, denying Elandis D. Johnson's (Johnson) post-conviction motion for additional sentence credit.

¶ 2. This review requires the court to interpret Wis. Stat. § 973.155 (2007–08),[2] Wisconsin's sentence credit statute. The statute mandates that a convicted offender's sentence be credited with "all days spent in custody in connection with the course of conduct for which sentence was imposed." Wis. Stat. § 973.155(1)(a). The question presented is whether Wis. Stat. § 973.155 requires a court to apply the same

---

[1] In 2007, this court decided another sentence credit case entitled *State v. Johnson.* 2007 WI 107, 304 Wis. 2d 318, 735 N.W.2d 505 [hereinafter *Marcus Johnson*]. Like the present case, the 2007 case interpreted Wis. Stat. § 973.155 (2007–08).

[2] All subsequent references to the Wisconsin Statutes are to the 2007–08 version unless otherwise indicated.

24

sentence credit to *each* concurrent sentence given to an offender at the same sentencing hearing, regardless of whether the offender's days spent in presentence custody were "in connection with the course of conduct for which [each] sentence was imposed." *See id.*

¶ 3. We conclude that Wis. Stat. § 973.155 imposes no requirement that credit applied toward one sentence also be applied toward a second sentence if the basis for applying the same credit to both sentences is merely that the sentences are concurrent and are imposed at the same time. The fact that sentences are concurrent and are imposed at the same time does not alter the statutory mandate that credit toward service of a sentence be based on custody that is "in connection with" the course of conduct giving rise to that sentence: i.e., custody factually connected with the course of conduct for which sentence was imposed.

¶ 4. Consequently, we affirm the decision of the court of appeals.

## I. BACKGROUND AND PROCEDURAL HISTORY

¶ 5. The facts in this matter are complicated but undisputed. On August 10, 2004, Johnson was arrested by Milwaukee police for possessing approximately 42 grams of marijuana in 64 individually wrapped baggies. He was charged on August 12 with possession of marijuana (less than 200 grams) with intent to deliver[3] (Case No. 2004CF4297), and he was released from jail on August 13 after posting a $1,000 cash bond. Johnson pleaded guilty to this felony offense on November 9. His original bond was never revoked or amended. Thus, Johnson remained "free on bond" for this offense until he was sentenced on August 31, 2005.

---

[3] Wisconsin Stat. § 961.41(1m)(h)1.

¶ 6. On November 18, 2004, nine days after his guilty plea on the drug offense, Johnson was arrested again, this time for possessing more than 40 grams of marijuana in 67 individually wrapped baggies. He was charged in this incident with possession of marijuana (less than 200 grams) with intent to deliver[4] (Case No. 2004CF6378). He was thereafter released on a second $1,000 cash bond. Johnson waived his preliminary examination, and the State added a count of bail jumping[5] when it filed the information. Johnson pleaded guilty to both of these new charges on February 2, 2005.[6] There was no change in Johnson's second bond pending sentencing, so that he was "free on bond" for both sets of offenses until August 31, 2005.

¶ 7. On April 19, 2005, Johnson was arrested for possessing more than 16 grams of marijuana, some of which was packaged individually. This arrest resulted in a third drug charge—simple possession of marijuana (second offense)[7]—and eventually, a second bail jumping charge[8] (Case No. 2005CF2217). This time the court set bond at $15,000. Johnson was unable to post this bond, and he remained in custody in the Milwaukee County Jail. As a result, a May 9 sentencing hearing for the first two cases was rescheduled for August 31, 2005.

¶ 8. On May 27, 2005, Johnson's attorney submitted a bail motion to the circuit court, requesting that Johnson's $15,000 bond in the 2005 case be reduced to

---

[4] *Id.*

[5] Wisconsin Stat. § 946.49(1)(b).

[6] Elandis Johnson entered his guilty pleas in Case No. 2004CF4297 and Case No. 2004CF6378 before Milwaukee County Circuit Judge Mel Flanagan.

[7] Wisconsin Stat. §§ 961.41(3g)(e), 961.48.

[8] Wisconsin Stat. § 946.49(1)(b).

$5,000 in exchange for Johnson's agreement to enroll in the "In-House" monitoring program. The court granted the motion. In time, Johnson posted the $5,000 bond and was turned over to the monitoring program pending further proceedings.[9]

¶ 9. On July 31, 2005, there was a rotation of judges in the felony division of the Milwaukee County Circuit Court. When this happened, all three of Johnson's cases were transferred to Milwaukee County Circuit Judge William Sosnay. Judge Sosnay took Johnson's pleas in the third case on August 31. On that same day, in the same hearing, Judge Sosnay, with the benefit of a presentence investigation, imposed sentence for all five offenses in the three cases.

¶ 10. Judge Sosnay imposed the following sentences. In the first 2004 case (Case No. 2004CF4297), Johnson was sentenced to one year of confinement and 18 months of extended supervision, with four days credited for his presentence confinement between August 10 and August 13, 2004.

¶ 11. In the second 2004 case (Case No. 2004CF6378), Johnson was sentenced to 18 months of confinement, plus two years of extended supervision, for the possession charge; and one year of confinement, plus one year of extended supervision, for the bail jumping charge. These two sentences, which are not at issue in this appeal, were made concurrent with each other but *consecutive* to the sentences in the other two cases.

---

[9] The record is unclear with regard to the exact date Johnson was released from the Milwaukee County Jail in his 2005 case. The record indicates that he was released on June 6, 2005. However, both parties have agreed that June 8, 2005, was the date of his release. Therefore, we will proceed as if Johnson's date of release was June 8, 2005.

¶ 12. In the 2005 case (Case No. 2005CF2217), Johnson was sentenced on two charges, possession of marijuana and bail jumping. Johnson was sentenced to one year of confinement and one year of extended supervision on each charge, with 45 days credited for his presentence confinement between April 19 and June 8, 2005. Both sentences were made concurrent with each other *and* concurrent with the sentence in the first 2004 case.

¶ 13. On March 24, 2007, Johnson submitted a pro se motion for sentence credit, arguing that the 45 days of presentence credit he received for the sentence in the 2005 case also should be credited toward the sentence in the first 2004 case.

¶ 14. Shortly thereafter, Johnson acquired an attorney who submitted a revised motion for sentence credit and a motion for an amended judgment of conviction. The revised motion argued that Johnson was entitled to 50 days of credit, rather than 45, for the sentence in the 2005 case and that those 50 days also should be credited toward the sentence in the first 2004 case.

¶ 15. Specifically, Johnson argued that *State v. Ward,* 153 Wis. 2d 743, 452 N.W.2d 158 (Ct. App. 1989), and *State v. Yanick,* 2007 WI App 30, 299 Wis. 2d 456, 728 N.W.2d 365, direct that " '[w]hen concurrent sentences are imposed at the same time . . . sentence credit is to be determined as a total number of days and is to be credited against each sentence imposed' " regardless of whether the sentences are " 'in connection with' the same course of conduct." *Ward,* 153 Wis. 2d at 746; *see Yanick,* 299 Wis. 2d 456, ¶¶ 16–17. Johnson contended that, because the sentence in the first 2004 case and the sentences in the 2005 case were imposed at the same

28

time and were made concurrent with each other, he was entitled to 50 days of sentence credit toward all three sentences.

¶ 16. On April 23, 2007, the circuit court[10] granted Johnson's request to change the 45 days of credit for the sentences in the 2005 case to 50 days, but it denied his request to apply those 50 days of credit to the sentence in the first 2004 case. The circuit court explained its denial as follows:

As the court explained in its March 29, 2007 decision, the defendant was not in custody in connection with [the first 2004 case] for the period April 19, 2005 to June 8, 2005 because bail was posted in that case on August 13, 2004 and he was released from custody at that time.

A broad reading of the above-referenced jury instruction[, Wis JI—Criminal SM-34A (1995)[11],] might suggest that a defendant who is sentenced to concurrent prison terms is entitled to receive equal credit against each concurrent sentence regardless of the number of days he or she actually spent in custody in connection with each concurrent sentence. The court rejects such an interpretation of the Committee's comments because the Committee further observed that in circumstances such as this where the custodial period from multiple charges is *not* the same, different amounts of credit will be due. . . . This is exactly the kind of situation that is presented here. Defendant Johnson was in custody in connection with each of these cases for different custodial periods (i.e. 4 days in [the first 2004 case] and 50 days in [the 2005 case]). Consequently, he is only entitled to receive four days of

---

[10] Milwaukee County Circuit Judge Timothy M. Witkowiak was assigned to review Johnson's motion on March 28, 2007.

[11] All subsequent references to the Wisconsin Jury Instructions are to the 1995 version unless otherwise indicated.

credit in [the first 2004 case] and 50 days of credit in [the 2005 case], even though the sentences for these separate offenses were ordered concurrent.

¶ 17. Johnson appealed the circuit court's decision to the court of appeals. The court of appeals, building on the circuit court's analysis, denied Johnson's request to have the 50 days of credit from the sentence in the 2005 case applied to the sentence in the first 2004 case. *Elandis Johnson,* 307 Wis. 2d 735, ¶ 9.

¶ 18. In its opinion, the court of appeals began its discussion of Wis. Stat. § 973.155(1)(a) by stating that "[t]here is nothing in the statute suggesting an exception to the 'in connection with' requirement when credit is due against a concurrent sentence imposed at the same time." *Id.,* ¶ 11. Ultimately, the court affirmed the circuit court's approach, asserting that the circuit court's "decision tracks the statutory requirements." *Id.,* ¶ 12.

¶ 19. The court of appeals also clarified *Ward* and the Criminal Jury Instructions Committee's special materials on sentence credit. *Id.,* ¶¶ 19–29. It pointed out that Johnson's reading of *Ward*—for the proposition that time in presentence custody due as credit against one sentence must be credited against all other concurrent sentences imposed at the same time, regardless of whether the presentence custody is "in connection with" all the concurrent sentences—was based on the incorrect assumption that the presentence custody time credited in *Ward* was *not* "in connection with" *all* the concurrent sentences imposed. *Id.,* ¶¶ 15–16. The court of appeals referenced the parties' briefs in *Ward* to show that the presentence custody credited against all three concurrent sentences imposed in *Ward* was, in fact, "in connection with the [same] course of conduct

for which [the] sentence[s were] imposed." *Id.*, ¶¶ 11, 16. In other words, the court of appeals determined that the presentence custody was "in connection with" all three sentences. *Id.*

¶ 20. Moreover, the court of appeals stated that "there is no reason to suppose that the Criminal Jury Instructions Committee intended to convey the rule urged by Johnson." *Id.*, ¶ 21. Specifically, the court of appeals concluded that "the committee did not antici-pate that the [imposed-at-the-same-time] language was susceptible to being read as saying credit *must* be awarded against all concurrent sentences imposed at the same time, regardless whether each sentence meets the 'in connection with' requirement." *Id.*, ¶ 25. There-fore, the court of appeals affirmed the circuit court's decision to deny Johnson credit of 50 additional days on the sentence in the first 2004 case. *Id.*, ¶ 33.

¶ 21. Johnson petitioned this court for review, and his petition was granted on April 14, 2008.

## II. STANDARD OF REVIEW

¶ 22. The issue in this case requires us to decide the amount of sentence credit that Johnson must receive for presentence custody under Wis. Stat. § 973.155(1)(a). To do this, we must interpret the language of the statute. Statutory interpretation pre-sents a question of law that we review de novo. *State v. Marcus Johnson*, 2007 WI 107, ¶ 27, 304 Wis. 2d 318, 735 N.W.2d 505. To the extent that statutory interpre-tation raises a constitutional issue, this issue also presents a question of law that we review de novo. *See State v. Anderson*, 2006 WI 77, ¶ 37, 291 Wis. 2d 673, 717 N.W.2d 74.

31

## III. ANALYSIS

■

¶ 23. Determining the result in this case is relatively easy. Producing a rationale for this result in terms that reconcile and synthesize existing case law and anticipate the almost endless variety of fact patterns that tend to emerge under the sentence credit statute is considerably more difficult.

¶ 24. Putting aside the second 2004 case for which Johnson received *consecutive* sentences, Johnson was given three concurrent sentences at the same sentencing hearing. These three sentences came from two separate cases. Johnson seeks identical sentence credit on all three sentences, even though the two cases at issue arose out of events that are separated by more than eight months, his presentence custody came at two different times, and each period of custody is tied directly to only one case.

¶ 25. Johnson contends that Wis. Stat. § 973.155 must be construed to require that, in the limited circumstance where a court imposes multiple, equal length concurrent sentences at the same time, the court must apply the same sentence credit toward all the sentences. He insists that *Ward* requires this result and that this result is prescribed by Wis JI—Criminal SM-34A. Johnson also suggests that identical sentence credit in this circumstance is essential to avoid a constitutional violation of equal protection of the law.

A. Wisconsin Statute § 973.155(1)(a)

¶ 26. We begin our analysis with the language of the sentence credit statute. Wisconsin Stat. § 973.155 reads, in relevant part, as follows:

(1)(a) *A convicted offender shall be given credit toward the service of his or her sentence for all days spent in custody in connection with the course of conduct for which sentence was imposed.* As used in this subsection, "actual days spent in custody" includes, without limitation by enumeration, confinement related to an offense for which the offender is ultimately sentenced, or for any other sentence arising out of the same course of conduct, which occurs:

1. While the offender is awaiting trial;

2. While the offender is being tried; and

3. While the offender is awaiting imposition of sentence after trial.

(b) The categories in par. (a) and sub. (1m) include custody of the convicted offender which is in whole or in part the result of a probation, extended supervision or parole hold under s. 302.113(8m), 302.114(8m), 304.06(3), or 973.10(2) placed upon the person for the same course of conduct as that resulting in the new conviction.

Wis. Stat. § 973.155(1) (emphasis added).

¶ 27. In deciding whether an offender is entitled to a particular amount of sentence credit under the statute, a court must make two determinations: (1) whether the offender was "in custody" within the meaning of Wis. Stat. § 973.155(1)(a); and (2) whether all or part of the "custody" for which sentence credit is sought was "in connection with the course of conduct for which sentence was imposed." *Id.*; *see Marcus Johnson*, 304 Wis. 2d 318, ¶ 31; *State v. Thompson*, 225 Wis. 2d 578, 582, 593 N.W.2d 875 (Ct. App. 1999); *State v. Beiersdorf*, 208 Wis. 2d 492, 496–97, 561 N.W.2d 749 (Ct. App.

1997); *State v. Gavigan,* 122 Wis. 2d 389, 391, 362 N.W.2d 162 (Ct. App. 1984). After making these determinations, "the court shall make and enter a specific finding of the number of days for which sentence credit is to be granted." Wis. Stat. § 973.155(2).[12]

¶ 28. There is no dispute that Johnson was "in custody" for a total of 54 days on these cases before he was sentenced on August 31, 2005. Consequently, our principal focus is in how credit for these 54 days[13] should be applied, given the statutory language that an offender's sentence "shall" be credited "for all days spent in custody *in connection with the course of conduct for which sentence was imposed.*" Wis. Stat. § 973.155(1)(a) (emphasis added). More specifically, we must determine whether four days of presentence custody directly re-

---

[12] After the imposition of sentence, the court shall make and enter a specific finding of the number of days for which sentence credit is to be granted, which conviction. In the case of revocation of probation, extended supervision or parole, the department, if the hearing is waived, or the division of hearings and appeals in the department of administration, in the case of a hearing, shall make such a finding, which shall be included in the revocation order.

Wis. Stat. § 973.155(2).

[13] At oral argument, Johnson's attorney altered her position, asking that 54 days of credit be applied to each of Johnson's concurrent sentences. This position is logically consistent with Johnson's oral argument but inconsistent with Johnson's brief: "Mr. Johnson never argued that all of the credit from each concurrent sentence should be added together. Rather, . . . he argued that the greater amount of credit (here, 50 days) should be applied to both sentences in order to give effect to that credit." The outcome of this case is not affected by whether Johnson requests that 50 days or 54 days of credit be applied to each of his concurrent sentences; therefore, we proceed under Johnson's request for 54 days of credit.

lated to the first 2004 case should be applied as credit toward the concurrent sentences in the 2005 case, and whether 50 days of presentence custody directly related to the 2005 case should be applied as credit toward the concurrent sentence in the first 2004 case. The answer will depend on the interpretation of the "in connection with" clause in Wis. Stat. § 973.155(1)(a).

¶ 29. We note that, in interpreting Wis. Stat. § 973.155(1)(a) to resolve the proper amount of sentence credit for an offender, some Wisconsin courts have determined that the statutory language is susceptible to more than one reasonable interpretation and is thus ambiguous. *See, e.g., Marcus Johnson,* 304 Wis. 2d 318, ¶¶ 34, 68; *State v. Floyd,* 2000 WI 14, ¶ 13 n.6, 232 Wis. 2d 767, 606 N.W.2d 155; *State v. Tuescher,* 226 Wis. 2d 465, 471, 595 N.W.2d 443 (Ct. App. 1999); *Gavigan,* 122 Wis. 2d at 392. Other Wisconsin courts have determined that the same statute is unambiguous. *See, e.g., State v. Beets,* 124 Wis. 2d 372, 377, 369 N.W.2d 382 (1985); *State v. Gilbert,* 115 Wis. 2d 371, 377, 340 N.W.2d 511 (1983).

¶ 30. Whether this statute is deemed ambiguous is likely to depend on the difficulty of applying its language to complex or unusual facts and the existence of reasonable competing views on how the statute should be interpreted.[14] Statutory text that is clear in

---

[14] *See Marcus Johnson,* 304 Wis. 2d 318, 34, 63–68 (finding ambiguity when determining whether extension of a juvenile commitment is considered custody for which credit against an adult sentence is required); *State v. Floyd,* 2000 WI 14, 232 Wis. 2d 767, 13 n.6, 18, 606 N.W.2d 155 (finding ambiguity when determining whether presentence confinement for a dismissed charge that is read in at sentencing for a previously unrelated charge results in the two charges being related to one another and ultimately in connection with each other); *State v. Tuescher,*

most circumstances may not always provide the answer for unanticipated fact patterns.[15] We conclude that,

226 Wis. 2d 465, 470–71, 475, 479, 595 N.W.2d 443 (Ct. App. 1999) (finding ambiguity when interpreting Wis. Stat. 973.155(1)(a) to determine whether the phrase, confinement . . . for any other sentence arising out of the same course of conduct, refers to a criminal episode or something more narrow, such as the same specific acts); *State v. Gavigan,* 122 Wis. 2d 389, 392, 362 N.W.2d 162 (Ct. App. 1984) (finding ambiguity in the language, in connection with the course of conduct for which sentence was imposed, when determining whether a robbery charge was in connection with a fleeing charge that resulted from a high-speed chase roughly 24 hours after the robbery took place). These cases should be compared with *State v. Beets,* 124 Wis. 2d 372, 376–78, 369 N.W.2d 382 (1985) (finding no ambiguity when determining whether presentence credit continues to apply to an unresolved charge after the defendant begins to serve his sentence in an unrelated case) and *State v. Gilbert,* 115 Wis. 2d 371, 377–78, 340 N.W.2d 511 (1983) (finding no ambiguity when determining whether time spent in custody as a condition of probation on a charge the defendant is later convicted of is in connection with the course of conduct for which that sentence was imposed).

[15] *See, e.g., Kenosha v. Unified Sch. Dist.,* 55 Wis. 2d 642, 644–48, 201 N.W.2d 66 (1972) (finding ambiguity in the phrase, "at a price equal to the principal amount of the then outstanding obligations of such city issued for such school purposes," "as applied to the facts" when determining the method of accounting to be used for calculating outstanding bond obligations); *Honeycrest Farms v. Brave Harvestore Sys.,* 200 Wis. 2d 256, 264–66, 546 N.W.2d 192 (Ct. App. 1996) ("Because the two subsections are inconsistent regarding when waiver occurs, we conclude the statute is ambiguous as applied to the facts of this case. . . . Moreover, the statutory language does not appear to contemplate the facts of this case where two different insurers file answers on behalf of a single defendant.") (citation omitted); *Haas v. Peake,* 525 F.3d 1168, 1172, 1184 (Fed. Cir. 2008) (finding the term, "served in the Republic of Vietnam," as stated in 38 U.S.C. § 1116(a)(1) (2000), to be ambiguous when applied to a Vietnam

under the specific facts of this case, there is only one reasonable interpretation of Wis. Stat. § 973.155(1)(a): Johnson's presentence custody related to his first 2004 case is not "in connection with" the course of conduct for which his sentences in his 2005 case were imposed, and Johnson's presentence custody related to his 2005 case is not "in connection with" the course of conduct for which his sentence in his first 2004 case was imposed. Therefore, Wis. Stat. § 973.155(1)(a) is not ambiguous as applied to this case. Nonetheless, because Johnson bases much of his argument on non-statutory authorities, we will examine those other sources and show how they support our interpretation of the statute.

■

¶ 31. In general, Wis. Stat. § 973.155 is designed to prevent a defendant from serving more time than his sentence or his sentences call for. *Beets,* 124 Wis. 2d at 379; *see also Klimas v. State,* 75 Wis. 2d 244, 248–49, 249 N.W.2d 285 (1977) (holding, prior to Wis. Stat. § 973.155's enactment, that courts must credit a defendant's sentence with all time spent in presentence custody on that charge).[16] "The clear intent of sec.

---

Veteran who was stationed on a Navy ship off the coast of Vietnam within its territorial waters); *United States v. Powell,* 929 F.2d 1190, 1191, 1193 (7th Cir. 1991) ("As applied to the facts before us, the phrase 'may not turn a vehicle or move right or left upon a roadway or change lanes' is ambiguous; because it does not answer the question of whether a highway on-ramp is a 'lane' considered part of the 'roadway' itself.").

[16] In an earlier case, *Byrd v. State,* 65 Wis. 2d 415, 424, 222 N.W.2d 696 (1974), the court stated as follows:

We hold that a defendant must be given credit for time spent in custody prior to conviction to the extent such time added to the sentence imposed exceeds the maximum sentence permitted under the statute for such offense, provided such time spent in custody

973.155, Stats., is to grant credit for each day in custody regardless of the basis for the confinement *as long as it is connected to the offense for which sentence is imposed.*" *Gilbert,* 115 Wis. 2d at 380 (emphasis added); *see also* 71 Wis. Op. Att'y Gen. 102, 106 (1982) ("Section 973.155, Stats., provides credit for all designated periods spent in custody for a particular course of conduct.").

¶ 32. To be eligible for sentence credit in Wisconsin, a defendant's presentence custody must be "in connection with the course of conduct for which sentence was imposed." Wis. Stat. § 973.155(1)(a). Neither the statute nor the case law that precedes today's version of Wis. Stat. § 973.155 justifies crediting a defendant's sentence for time spent in presentence custody that is not related to the matter for which sentence is imposed. *See Beets,* 124 Wis. 2d at 379–80.

¶ 33. Moreover, the presentence custody's "connection with" the sentence imposed must be factual; a mere procedural connection will not suffice. *Floyd,* 232 Wis. 2d 767, ¶¶ 15–17 ("[A] factual connection fulfills the statutory requirement for sentence credit, and . . . a procedural or other tangential connection will not suffice.") (citing *Beiersdorf,* 208 Wis. 2d at 498).

¶ 34. To illustrate, in *Beiersdorf,* the defendant was arrested and charged with bail jumping after violating the conditions of his personal recognizance bond, which was in place as a result of his unresolved sexual assault case. *Beiersdorf,* 208 Wis. 2d at 494–95. After pleading guilty and being sentenced on both charges, he requested that his presentence custody

---

was a result of the criminal charge for which a prison or jail sentence is imposed or as a result of the conduct on which such charge is based . . . .

resulting from the bail jumping charge, for which his sentence was stayed in favor of probation, be applied to the sentence imposed for his sexual assault charge. *Id.*

¶ 35. The court of appeals affirmed the circuit court's order denying this request: "Although a defendant may perceive that custody is at least partly in connection with another crime, that does not mean that the custody, for credit purposes, is related to the course of conduct for which sentence was imposed." *Id.* at 498 (internal citations and quotations omitted). Because the sentence imposed was "in connection with" the sexual assault charge, but the presentence custody was "in connection with" the bail jumping charge, there was no factual connection between the presentence custody and the sentence imposed. *Id.* at 498–99. This was true despite the obvious procedural connection between the bail jumping charge and the original sexual assault charge: i.e., without the sexual assault charge there would have been no personal recognizance bond, and thus, no bail jumping. *See id.* at 498. Consequently, no time was credited to the sexual assault sentence. *Id.* at 496.

¶ 36. Similarly, in *Marcus Johnson,* this court denied the defendant's sentence credit request because there was no factual connection between the sentence imposed and the presentence custody at issue. *Marcus Johnson,* 304 Wis. 2d 318, ¶¶ 63–76. In June 2001, after being adjudicated delinquent, the defendant began serving a juvenile commitment. This commitment was extended in May 2002, and again in May 2003, because of Johnson's poor behavior and a plethora of commitment infractions. *Id.,* ¶¶ 11, 16–20. Less than two weeks after his May 2002 commitment extension, the defendant battered another juvenile in the same facility. *Id.,* ¶ 12. This resulted in the defendant being

39

arrested and charged with a felony. *Id.* The defendant was "free" on the felony battery charge after posting a signature bond, but he was returned to a juvenile facility. *Id.*, ¶ 13.

¶ 37. The defendant remained in custody at the juvenile facility under his juvenile commitment for most of the time until his sentencing in February 2004 for the 2002 battery charge. *Id.*, ¶¶ 12–15. Following his sentencing, the defendant requested that the time he served in the juvenile facility after his arrest for battery be credited against the battery sentence. *Id.*, ¶ 21. The circuit court disallowed such credit, reasoning that the defendant's custody under juvenile commitment was in no way connected with his sentence for battery. *Id.*, ¶¶ 23–25.

¶ 38. On appeal, this court affirmed the circuit court's denial, noting that Marcus Johnson's signature bond in the battery case remained in effect until the time his sentence was imposed for that charge, and his extended commitment in the juvenile facility would have occurred regardless of the battery incident.[17] *Id.*, ¶ 76. As a result, this court held that the defendant's presentence custody in the juvenile facility following the battery was not "in connection with" the battery

---

[17] The *Marcus Johnson* court had extensive support in the record for its conclusion that the defendant's commitment would have been extended in May 2003 even if the battery had not occurred. For example, "in June 2002, Johnson accumulated nine additional charges for disobeying orders, disruptive conduct, threats to staff, attempted battery to staff, creating an unsanitary condition, and inappropriate sexual conduct." *Marcus Johnson*, 304 Wis. 2d 318, ¶ 16. Also, "[b]etween July 2002 and December 2002, Johnson accumulated 45 additional charges," including an additional battery charge in November 2002. *Id.*

40

sentence. *Id.*, ¶ 81; *cf. Thompson*, 225 Wis. 2d at 586 (crediting time spent in presentence custody under a juvenile commitment because the juvenile commitment was a direct result of the "conduct for which sentence was imposed").

¶ 39. In contrast to these two cases, sentence credit must be applied when the defendant's presentence custody is factually "in connection with" the course of conduct for which sentence was imposed. *See* Wis. Stat. § 973.155(1)(a).

¶ 40. For example, in *Floyd*, this court credited the defendant's sentence for reckless endangerment with the time he spent in presentence custody for an unrelated armed robbery because the armed robbery charge was read in at the sentencing for reckless endangerment. *Floyd*, 232 Wis. 2d 767, ¶¶ 1–2. The court reasoned that read-in charges are considered at sentencing; therefore, the read-in charges become a factual consideration in the sentencing determination. *Floyd*, 232 Wis. 2d 767, ¶¶ 25–26. Consequently, the read-in charges were determined to be "related to" the reckless endangerment sentence, and therefore, confinement on the read-in charges was factually "in connection with the course of conduct for which sentence was imposed." Wis. Stat. § 973.155(1)(a); *Floyd*, 232 Wis. 2d 767, ¶¶ 18, 31–32.[18]

---

[18] In *Floyd,* the defendant asserted an alternative, procedurally based argument for sentence credit as well. *Floyd,* 232 Wis. 2d 767, ¶ 14. The defendant asserted that the presentence custody for his armed robbery charge was "in connection with" the sentence imposed for his reckless endangerment charge because he agreed to a guilty plea for reckless endangerment in exchange for a dismissal of the armed robbery charge. *Id.* This court unanimously rejected the defendant's argument, stating that "the proposition that a procedural connection may satisfy

¶ 41. In *Gilbert,* a consolidated appeal concerning two cases, the defendants each had their sentences stayed and were given probation, but as a condition of probation, they were required to spend some time in the county jail. *Gilbert,* 115 Wis. 2d at 373–76. After serving this time and being released, each defendant had his probation revoked and was sentenced on the convictions for which sentence had been stayed. *Id.* at 374, 376. The circuit courts denied each defendant's request to apply those days spent in jail as a condition of probation to the sentences imposed after probation was revoked. *Id.* at 374–76. This court reversed the decisions of the two circuit courts and credited the jail time to the defendants' sentences because the presentence custody was "in connection with" the same crime for which each sentence was imposed. *Id.* at 376, 380. This court saw a direct, factual connection between the defendants' time in presentence custody and the course of conduct for which the respective sentences were imposed.

¶ 42. Similarly, in *Yanick,* 299 Wis. 2d 456, ¶ 1, the defendant was in custody as a condition of his probation, which was later revoked. After the revocation, he was sentenced for the underlying crime and his sentence was credited for the time he spent in presentence custody, even though that time was served concurrent with another recently imposed sentence for an unrelated crime. *Id.*

¶ 43. The *Yanick* court distinguished *Beets,* 124 Wis. 2d at 378–79, where this court held that the imposition of a sentence on one charge severs any further credit for pending charges that may later result

the statutory requirement has already been rejected." *Id.*, ¶ 15 (referring to *State v. Beiersdorf,* 208 Wis. 2d 492, 561 N.W.2d 749 (Ct. App. 1997)).

in a sentence, by stating that "*Beets* does not address service of a sentence and concurrent service of custody time pursuant to a disposition, which is the sort of concurrent custody time at issue here." *Yanick,* 299 Wis. 2d 456, ¶ 22.

¶ 44. Because the defendant in *Yanick* was ultimately sentenced for the same crime for which he was in custody as a condition of his probation, the court of appeals determined that time in custody was "in connection with the course of conduct for which sentence [was] imposed." *Id.,* ¶ 24; Wis. Stat. § 973.155(1)(a).

¶ 45. In applying Wis. Stat. § 973.155, these cases attempt to distinguish time spent in presentence custody that is factually "in connection with the course of conduct for which sentence was imposed" from time spent in presentence custody that is *not* factually "in connection with the course of conduct for which sentence was imposed." The statute does not provide sentence credit for time in custody that is not related, or is only procedurally related, to the matter for which sentence is imposed. *See Floyd,* 232 Wis. 2d 767, ¶¶ 15–17; *Beiersdorf,* 208 Wis. 2d at 498.

¶ 46. The statute poses a simple test: whether the custody for which sentence credit is sought was "in connection with the course of conduct for which sentence was imposed." Wis. Stat. § 973.155(1)(a). Admittedly, the answer to this statutory test is not always simple.

¶ 47. Calculating the correct number of days that need to be credited to each of Johnson's concurrent sentences requires that we examine separately each sentence and the time spent in presentence custody "in connection with" each sentence. We cannot, as Johnson's argument attempts to do, conflate all the concurrent

sentences imposed on the same day and make a credit determination as if there were only one overall sentence imposed.

¶ 48. There is no dispute that the four days of presentence custody resulting from Johnson's arrest in the first 2004 case is factually "in connection with the course of conduct for which [the] sentence [in that case was] imposed." *Id.* Likewise, there is no dispute that the 50 days of presentence custody resulting from Johnson's arrest in the 2005 case is factually "in connection with the course of conduct for which [the] sentence[s in the 2005 case were] imposed." *Id.*

¶ 49. However, there is no factual connection between the four days of presentence custody in 2004 and the course of conduct for which the sentences in the 2005 case were imposed, nor is there a factual connection between the 50 days of presentence custody in 2005 and the course of conduct for which the sentence in the first 2004 case was imposed. *See Floyd*, 232 Wis. 2d 767, ¶¶ 15–17; *Beiersdorf*, 208 Wis. 2d at 498. Thus, only four days of presentence custody must be credited to the sentence in the first 2004 case, and only 50 days of presentence custody must be credited to the sentences in the 2005 case. *See* Wis. Stat. § 973.155(1)(a). No other sentence credit is due for either case.

B. *State v. Ward* and Wis JI—Criminal SM-34A

¶ 50. In the present case, Johnson is not relying on the plain language of the statute because, as demonstrated, he cannot satisfy its requirements for sentence credit. Instead, he is relying on an alternative test: whether a defendant received concurrent sentences and whether those concurrent sentences were imposed at the same time. If this two-part test is

satisfied, he argues, any time in presentence custody credited toward one of the concurrent sentences must be credited toward all the concurrent sentences imposed at that time. To support this alternative test, Johnson relies heavily on *Ward,* the cases following *Ward,* and Wis JI—Criminal SM-34A.

¶ 51. The *Ward* case requires close examination because the facts of the case do not support Johnson's position. The court of appeals stated the facts as follows:

> Following the revocation of his probation, Houston Ward was sentenced to indeterminate terms of three years incarceration on each of three convictions for delivery of marijuana. The trial court directed that each sentence be concurrent with the others and with a three-year sentence imposed by a different judge in an unrelated case. . . . The trial court granted Ward 233 days of credit as the result of Ward's pre-sentence incarceration, but applied the credit only to the first of the three concurrent sentences. Ward argues that he is entitled to have the credit applied to each of the concurrent terms. . . . The state concedes error. We agree, and reverse.

*Ward,* 153 Wis. 2d at 744 (internal citation and footnote omitted).

¶ 52. The *Ward* court thereafter explained that applying "pre-sentence credit against only one of the concurrent three-year terms defeats the concurrent nature of the sentence because the first term is reduced to two years and 132 days, while the remaining two terms stand at three full years." *Id.* at 745. The court then noted that its result was consistent with the conclusion of the Wisconsin Criminal Jury Instructions Committee, which opined that " 'When concurrent sentences are imposed at the same time *or* for offenses

45

arising from the same course of conduct, sentence credit is to be determined as a total number of days and is to be credited against each sentence imposed.' " *Id.* at 746 (quoting Wis JI—Criminal SM-34A at 11 (1982) (emphasis added)).

¶ 53. Confronted with Johnson's reliance on *Ward,* the court of appeals went to the briefs in *Ward* to obtain a more complete statement of the facts. The briefs revealed the following: Houston Ward was arrested on September 19, 1988. At that time, he was on probation for a 1984 conviction for three counts of delivering marijuana. Following his arrest, Ward was charged with delivery of cocaine and possession of cocaine with intent to deliver. On September 20, 1988, a probation hold was placed on Ward. Later his probation on the 1984 conviction was revoked. As a result, Ward was in custody in connection with both the three 1984 marijuana charges and the two 1988 cocaine charges from his arrest until he was sentenced in each of the two cases.

¶ 54. The cocaine sentences came first. On February 7, 1989, Ward pleaded guilty to the cocaine charges, and on each of the two counts, he received a three-year term. The sentences were concurrent with each other, and on both sentences, Ward received credit for 142 days of presentence custody, representing the time he was in custody from September 19, 1988, to February 7, 1989.

¶ 55. On February 9, 1989, Ward was sentenced on the marijuana charges. On each of the three charges, he was sentenced to a term of three years in prison, but the court determined that the three sentences should be concurrent with each other and also with the sentences previously imposed on the cocaine charges.

46

¶ 56. Ward had spent 91 days in jail before he was placed on probation for the three marijuana charges in 1984. Thus, he was entitled to 91 days of credit on each marijuana sentence. He also was in custody on the probation hold from September 20, 1988, until February 9, 1989, when he was sentenced. All parties agreed that Ward had spent 233 days in custody prior to the sentences on the three marijuana charges. However, the circuit court awarded credit on only one of those sentences. Ward contended that he should have received full credit on all three marijuana sentences.

¶ 57. As noted, the State conceded error. It conceded that Ward was entitled to 233 days of credit on all three marijuana sentences. There was no dispute that Ward was entitled to 142 days of credit on all five sentences in the two cases, but the full 233 days of credit applied only to the marijuana sentences. In his brief, Ward's attorney, Michael Hicks, explained as follows:

> [I]f the sentence credit were properly allowed on [the concurrent sentences] for the marijuana convictions, then the sentences imposed [in the cocaine case] would control, as they would be the longest concurrent sentences since only 142 days of credit applies on those sentences. Under this computation, *Ward still loses the 91 days that he spent in jail in connection with the marijuana cases. However, that is the penalty he must suffer for violating his probation by committing a new crime.*

(Emphasis added.)

¶ 58. This solid analysis was undercut by the court of appeals when it relied on a passage in the special materials from the Criminal Jury Instructions Committee:

> *When concurrent sentences are imposed at the same time* or for offenses arising from the same course of

47

conduct, *sentence credit is to be determined as a total number of days and is to be credited against each sentence imposed.* Credit against each sentence is required because credit against only one sentence would be negated by the concurrent sentence. Thus, if the credit was not awarded against both sentences, the offender would not receive the credit to which he is entitled.

Wis JI—Criminal SM-34A at 11 (1982) (emphasis added).

¶ 59. This whole paragraph is unfortunate because it is too broad. The Criminal Jury Instructions Committee's use of the word "or" in the first sentence of the paragraph implicitly creates two distinct theories of sentence credit, only one of which is grounded in Wis. Stat. § 973.155. If the first theory (standing alone) were valid, it would wipe out the need to adhere to the language of the statute.

¶ 60. In *Tuescher,* the court of appeals referenced *Ward*'s use of this suspect paragraph: "The application of the statute is . . . relatively straightforward when multiple sentences are imposed at the same time. If the sentences are concurrent, time spent in presentence custody is credited toward each sentence. *See State v. Ward . . . .*" *Tuescher,* 226 Wis. 2d at 469. This reliance continued in *Yanick,* 299 Wis. 2d 456, ¶¶ 16–18.

¶ 61. The unfortunate paragraph, read in context, is understandable, if not totally accurate. It is followed by an example in which the language about concurrent sentences makes sense:

1. Multiple counts in a single judgment

Example

Smith was arrested for two burglaries, charged in a two count information, and convicted of both

48

> charges on the same day. He spent one year in jail awaiting disposition. He was sentenced to serve five years on each count, the sentences to run *concurrently with* one another.
>
> The judgment of conviction should order that credit is due for 365 days pursuant to § 973.155.
>
> When the judgment reaches the prison, the registrar will credit each of the concurrent sentences with 365 days, thus computing the sentences as though they had begun 365 days earlier.

Wis JI—Criminal SM-34A at 9.

¶ 62. This "example" fully satisfies the statutory requirement that a convicted offender be given credit "for all days spent in custody in connection with the course of conduct for which sentence was imposed." Wis. Stat. § 973.155.

¶ 63. Taking the suspect paragraph out of this factual context ignores other explanations and examples in the special materials. To wit:

> III. Determining the Number of Days for Which Credit is Due
>
> Section 973.155(1)(a) requires two determinations: first, whether the offender was "in custody"; second, whether the custody was "in connection with the course of conduct for which sentence was imposed."

Wis JI—Criminal SM-34A at 4.

> 4. Concurrent sentences on unrelated charges for which different amounts of credit are due[.]
>
> *There will also be situations where the periods of time for which credit is due on unrelated concurrent sentences will not line up with each other. Some credit will be due on one sentence and a different amount of*

49

*credit will be due on another.* If different judges are involved, it will be unlikely that each judge will be aware of the sentence credit situation in the other case when completing his or her own judgment, but the judge imposing the second sentence should try to become informed of the credit awarded against the first sentence.

In such cases, the registrars shall properly compute the credit ordered against each sentence. If a defendant is entitled to 10 days of credit on one two-year sentence and 150 days of credit on a concurrent two-year sentence, the registrar will compute each sentence separately and the defendant's controlling sentence will be the two-year sentence with the lesser amount of credit.

*Id.* at 12 (emphasis added).

¶ 64. Properly interpreted, neither *Ward* nor the special materials leads to the result sought by Johnson. Both the facts in *Ward* and the examples in the special materials provide support for the court of appeals' interpretation of the statute in this case.

¶ 65. *Ward* demonstrates that when a defendant spends time in presentence custody and the reason for that presentence custody is "in connection with the course of conduct for which sentence was imposed," then the time spent in presentence custody must be credited against the ultimate sentence imposed. *See Ward,* 153 Wis. 2d at 744–45 (crediting each marijuana sentence imposed with the same amount of time because those sentences were "in connection with the [same] course of conduct").

¶ 66. However, *Ward* also demonstrates that, in order for time in presentence custody to be credited to the sentence imposed, there must be a factual connection between the presentence custody and the sentence. *See id.* at 744 (crediting each marijuana sentence with

50

233 days for time spent in presentence custody, but not crediting the unrelated cocaine sentences with the same 233 days because not all 233 days of presentence custody were spent "in connection with" the cocaine sentences). Although Ward's cocaine sentences and his marijuana sentences were equal in length, concurrent with each other, and imposed at nearly the same time, Ward's 91 days of presentence custody from his 1984 marijuana arrest were effectively erased because, at the time Ward's marijuana sentences were complete, he still had 91 days remaining on his cocaine sentences. Ward lost out on those 91 days of credit since those days were in connection with only the marijuana cases, not the cocaine cases.[19]

¶ 67.　In sum, neither *Ward* nor the special materials displace the "in connection with" requirement under Wis. Stat. § 973.155.

¶ 68.　It must be acknowledged that, like Houston Ward, Johnson "loses" credit for 46 days he spent in presentence custody. But he loses this time because he benefits from being given concurrent sentences, thereby reducing the overall amount of time that he might have been required to spend in post-sentence custody. He cannot complain that his unrelated concurrent sentences do not line up perfectly to avoid this loss. The result upholds the plain language of Wis. Stat. § 973.155(1)(a) and ensures that Johnson spends the requisite 365 days in custody for each unrelated sentence imposed.

¶ 69.　If we were to decide otherwise and credit each of Johnson's sentences with 54 days, we would be allowing Johnson to spend *less* than 365 days in custody *for each sentence imposed.*

---

[19] *Supra,* ¶¶ 56–57.

¶ 70. While we must ensure "that a person not serve more time than that for which he is sentenced," *Beets,* 124 Wis. 2d at 379, we must also ensure that a person actually serves the requisite number of days to which he was sentenced. Our ruling today accomplishes that result.

C. Equal Protection of the Law

¶ 71. There were passing references to equal protection of the law in the defendant's brief and more emphasis on equal protection in his oral argument. Equal protection also was the gist of Judge Charles Dykman's dissent in the court of appeals. *See Elandis Johnson,* 307 Wis. 2d 735, ¶¶ 34–36 (Dykman, J., dissenting). However, an equal protection argument has not been fully developed or briefed, and thus, the court is not required to issue a comprehensive response. *See State v. Franklin,* 2004 WI 38, n.5, 270 Wis. 2d 271, 677 N.W.2d 276 ("[B]ecause the applicability of [the statute] was not fully briefed by the parties, we do not further address it."); *State v. Jeremy P.,* 2005 WI App 13, ¶ 22, 278 Wis. 2d 366, 692 N.W.2d 311 ("Because this issue is not fully briefed, we need not address it." (citation omitted)).

¶ 72. Nonetheless, we will comment briefly on one point made by Judge Dykman in his dissent.
██

¶ 73. Judge Dykman suggested that Johnson's trial attorney may have "performed deficiently by failing to ask the circuit court to revoke [Johnson's] bail in the 2004 case," so that he would have been "in custody" in that case when he was "in custody" on the 2005 case. *Elandis Johnson,* 307 Wis. 2d 735, ¶ 35 (Dykman, J., dissenting). Judge Dykman asked that the case be remanded for an evidentiary hearing: "If his attorney was

ineffective by failing to assist Johnson in taking the necessary steps to make his custody 'in connection with' his 2004 case, [Johnson] is entitled to relief in the form of sentence credit." *Id.*, ¶ 36.

¶ 74. We note, in response, that at the time Johnson was taken into custody on his 2005 case, he had already pleaded guilty to three felonies and was awaiting sentencing on them. The court imposed a $15,000 cash bond in the face of two new felony charges. Johnson's trial attorney later persuaded the court to reduce this bond, and ultimately, Johnson was released for 84 days before his August 31, 2005 sentencing.[20]

¶ 75. Asking an attorney to seek the revocation of his client's bail on three felonies and then turn around and obtain his client's presentence release on those felonies, and two more (which were committed when the client was on bail), is asking more than the court can reasonably expect from trial counsel. Presentence release is what Johnson wanted. His presentence release may have benefitted him at sentencing. Second-guessing counsel's performance on these facts would be speculative, at best.

## IV. CONCLUSION

██

¶ 76. We conclude that Wis. Stat. § 973.155 imposes no requirement that credit applied toward one sentence also be applied toward a second sentence if the

---

[20] Wisconsin Stat. § 969.08 is entitled "Grant, reduction, increase or revocation of conditions of release." Subsection (5) describes what a district attorney must show in a motion to revoke the conditions of pretrial release. Although a defendant is probably entitled to move for revocation of his own presentence release, *see* Wis. Stat. § 969.08(9), he would have difficulty reversing course, *see* Wis. Stat. § 969.08(5)5.

basis for applying the same credit to both sentences is merely that the sentences are concurrent and are imposed at the same time. The fact that sentences are concurrent and are imposed at the same time does not alter the statutory mandate that credit toward service of a sentence be based on custody that is "in connection with" the course of conduct giving rise to that sentence: i.e., custody factually connected with the course of conduct for which sentence was imposed. Because Johnson cannot satisfy this requirement, the decision of the court of appeals is affirmed.

*By the Court.*—The decision of the court of appeals is affirmed.

¶ 77. DAVID T. PROSSER, J. (*concurring*). In her oral argument to the court, the defendant's attorney, Meredith Ross, proposed the "Bill Gates Rule," which she defined as a rule that no defendant spend more time in custody, pre-sentence and post-sentence, than billionaire Bill Gates would have to spend for the same conduct. In formulating this "rule," Attorney Ross assumed that Mr. Gates would always be able to make bail at the earliest opportunity.

¶ 78. Attorney Ross argued that a failure to apply at least 50 days of sentence credit to each of Johnson's three concurrent sentences meant that Johnson had to spend 46 more days in custody than Bill Gates would have spent, thereby violating the "Bill Gates Rule" and denying Johnson equal protection of the law.

¶ 79. Attorney Ross's ingenious argument is grounded on the questionable premise that showing a disparity between a hypothetical situation and a real situation exposes a violation of equal protection of the law. It may well be that our hypothetical Mr. Gates would have been in a position to post any amount of

cash bond in any of his three cases if he were in the same position as Johnson. However, a person of Mr. Gates' notoriety would have captured a good deal more attention than Johnson, and thus, there is a good chance that his bond would have been revoked if he had appeared on a second charge of felony drug dealing in Milwaukee County Circuit Court.

¶ 80. In any event, defendants do not have a "right" to concurrent sentences when those sentences arise out of separate, unrelated cases. *See* Wis. Stat. § 973.155. Concurrent sentences entail an exercise of sound judicial discretion. *See* Wis. Stat. § 973.15. It was a matter of discretion that Judge William Sosnay made Johnson's sentences in the 2005 case concurrent with his sentence in the first 2004 case. Moreover, it was merely fortuitous that Johnson was sentenced in the first 2004 case by Judge Sosnay rather than Judge Mel Flanagan, the judge who took his plea. This is significant because Attorney Ross did not insist that the "Bill Gates Rule" apply to situations involving different judges.

¶ 81. In effect, Johnson served 50 days for the two felonies in the 2005 case inasmuch as all his *post*-sentence time on those felonies overlapped the 361 days he served post-sentence on the first 2004 case. This can hardly be described as a severe sentence.

¶ 82. The circuit court might have determined that the hypothetical Mr. Gates, having spent zero time in presentence custody and having badly abused his privileged position by committing additional felonies while on bail, should receive longer sentences in the 2005 case than Johnson did to emphasize the seriousness of his crimes, the protection of the public, and his defiance of the conditions of his pretrial release.

¶ 83. The "Bill Gates Rule," if we ever adopted it, would gut a rationally based statute that requires an offender be given credit toward service of his sentence "for all days spent in custody *in connection with the course of conduct for which sentence was imposed.*" Wis. Stat. § 973.155 (2007–08)[1] (emphasis added). The "Bill Gates Rule," extended to its logical conclusion, would appear to require that a court stack up the presentence custody from all concurrent sentences from all relevant cases and apply the resulting number of days as credit to all those sentences. But the fact that Mr. Gates would make bail in all his cases, both related and unrelated, would not change the requirement in the statute that credit toward a sentence be tied, factually, to custody in connection with each sentence. *See* Wis. Stat. § 973.155(1)(a); *State v. Floyd,* 2000 WI 14, ¶¶ 15–17, 232 Wis. 2d 767, 606 N.W.2d 155; *State v. Beiersdorf,* 208 Wis. 2d 492, 498, 561 N.W.2d 749 (Ct. App. 1997). The so-called "Bill Gates Rule" must be rejected.

¶ 84. For the reasons stated, I must respectfully concur.

¶ 85. ANNETTE KINGSLAND ZIEGLER, J. (*concurring*). I write separately to address the "Bill Gates Rule" and also to clarify that the majority's cite to *State v. Floyd,* 2000 WI 14, 232 Wis. 2d 767, 606 N.W.2d 155, is not to be construed as authority for the proposition that a read-in offense entitles one to sentence credit for that read-in offense as a matter of law under all circumstances.

---

[1] All subsequent references to the Wisconsin Statutes are to the 2007–08 version unless otherwise indicated.

## I

¶ 86. In the defense counsel's oral argument and in Justice Prosser's concurrence, references are made to the "Bill Gates Rule." Counsel defines that "rule" as one which should ensure that no defendant spend more time in custody than billionaire Bill Gates would spend in custody for the same conduct.

¶ 87. This argument assumes that Bill Gates would always be able to post bail at the earliest opportunity. This argument also assumes that the other defendant would be unable to post bail. We also must assume for the sake of this argument that Bill Gates and any other defendant received the exact same sentence. Even assuming these factors to be the case, however, the "Bill Gates Rule" does not, in reality, forward the defense counsel's argument.

¶ 88. In reality, some defendants, here Bill Gates, are able to post bail and thus, would not spend time in custody pre-sentencing. Other defendants, who cannot post bail, would indeed spend time in custody pre-sentencing. Thus, Bill Gates may spend zero days in custody pre-conviction and the other defendant may spend, for example, 50 days in custody pre-conviction. However, assuming that both defendants receive the same period of incarceration at sentencing, Mr. Gates would actually serve 50 days more time in custody post-sentencing than the other defendant because of sentence credit. Under Wis. Stat. § 973.155, sentence credit is awarded for pre-sentence incarceration. In this example, Bill Gates is not entitled to receive credit post-sentencing and the other defendant then would receive credit relief post-sentencing of 50 days. The credit given is the great equalizer.

¶ 89. I write this concurrence to outline the fatal flaw of the defense counsel's argument. That is, credit is due for those who deserve credit for pre-sentence incarceration. Such credit is not due for those who do not spend time in custody pre-sentencing. As a result, because of sentence credit, each defendant will ultimately serve the exact same amount of time in custody.

## II

¶ 90. I write separately to clarify that the majority's use of *Floyd* is as an example but not as authority for the proposition that time served for a read-in offense will always be given as sentence credit. Wisconsin Stat. § 973.155(1)(a) entitles an offender to credit "for all days spent in custody in connection with the course of conduct for which sentence was imposed." However, whether credit is due for the same course of conduct may depend on the facts of the case and whether *State v. Straszkowski,* 2008 WI 65, ¶ 95, 310 Wis. 2d 259, 750 N.W.2d 835, changed the analysis in *Floyd.* When *Floyd* was decided, a read-in offense was deemed admitted for the purposes of sentencing. Now, under *Straszkowski,* a read-in offense is no longer deemed admitted. This new analysis now leaves open the question of whether the defendant is being sentenced for the same "course of conduct" because under *Straszkowski,* read-in offenses are not admitted. As a result, I write to clarify that this issue was not briefed or argued by the parties in this case and we do not decide that question today. This court then appropriately waits to decide these questions raised by this concurrence until we have the full benefit of the adversarial process to guide our decision.

¶ 91. For the foregoing reasons I concur.

¶ 92. I am authorized to state that Justices PA-TIENCE DRAKE ROGGENSACK and MICHAEL J. GABLEMAN join this concurrence.