Sᴛᴀᴛᴇ of Wisconsin, Plaintiff-Respondent,†

v.

Terrill J. Hɪɴᴛᴢ, Defendant-Appellant.

Court of Appeals

*No. 2006AP217–CR. Submitted on briefs January 23, 2007.
—Decided March 1, 2007.*

2007 WI App 113

(Also reported in 731 N.W.2d 646.)

† Petition to review granted 9/11/07.

583

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Steven D. Phillips,* assistant state public defender of Madison.

On behalf of the plaintiffs-respondents, the cause was submitted on the briefs of *Eileen W. Pray* and *Shunette T. Campbell,* assistant attorneys general, and *Peggy A. Lautenschlager,* attorney general.

Before Lundsten, P.J., Dykman and Higginbotham, JJ.

¶ 1. DYKMAN, J. Terrill Hintz appeals from an order denying his postconviction motion for sentence credit under Wis. Stat. § 973.155(1)(b) (2005–06).[1] Hintz argues that he is entitled to sentence credit for the time he was in custody on an extended supervision hold because the hold was at least in part due to the course of conduct that resulted in his new conviction. We agree, and therefore reverse.

---

[1] All references to the Wisconsin Statutes are to the 2005–06 version unless otherwise noted.

## Background

¶ 2. The following facts are not in dispute. In 2001, Terrill Hintz was convicted of operating a motor vehicle while intoxicated (OMVWI), fifth offense, and sentenced to five years, with eighteen months' initial confinement and forty-two months' extended supervision. In October 2003, Hintz was released from prison and began serving his extended supervision sentence. In November 2003, Hintz's probation agent issued an apprehension request for Hintz after Hintz failed to report as scheduled and after the Plover Police Department notified the agent that Hintz was a suspect in a fight in which Hintz had been drinking and possessed a firearm.

¶ 3. In December 2003, Hintz participated in two burglaries, one of which underlies his conviction in this case. Later that day, Hintz was taken into custody on the apprehension request issued by his probation agent the previous month. The same day, Hintz's probation agent was notified that Hintz was a suspect in the burglaries. On December 28, 2003, after learning that Hintz had been taken into custody, Hintz's probation agent cancelled the apprehension request and placed an extended supervision hold on Hintz. The court allowed Hintz to sign a signature bond for the burglary charges, but Hintz remained in custody on the extended supervision hold.

¶ 4. Hintz's extended supervision for OMVWI, fifth offense, was revoked in March 2004. In July 2004, the court reconfined Hintz to one year and nineteen days for the OMVWI conviction, with 211 days of sentence credit. In November 2004, after Hintz pled guilty or no contest to three counts arising from one of

585

the burglaries,[2] the court sentenced Hintz to four years, with two years' initial confinement and two years' extended supervision, to run concurrently with the OMVWI sentence. Hintz then moved the court for sentence credit on the burglary sentence, for the time he was in custody on the extended supervision hold. Hintz appeals from the court's denial of his postconviction motion for sentence credit.

## *Standard of Review*

¶ 5.  This case requires that we interpret WIS. STAT. § 973.155(1)(b), a question of law that we review de novo. *See State v. Dentici*, 2002 WI App 77, ¶ 4, 251 Wis. 2d 436, 643 N.W.2d 180. Thus, we independently determine whether Hintz should receive sentence credit under § 973.155(1)(b). *See State v. Lange,* 2003 WI App 2, ¶ 41, 259 Wis. 2d 774, 656 N.W.2d 480. However, we will uphold any factual determinations by the circuit court unless those findings are clearly erroneous. *Noll v. Dimiceli's, Inc.*, 115 Wis. 2d 641, 643, 340 N.W.2d 575 (Ct. App. 1983).

## *Discussion*

¶ 6.  Under WIS. STAT. § 973.155(1)(a), a defendant is entitled to sentence credit "for all days spent in custody in connection with the course of conduct for which sentence was imposed." Section 973.155(1)(b) specifies that credit is to be given for custody due to an extended supervision hold "placed upon the person for

---

[2] The other burglary charges were dismissed and read in for sentencing purposes.

the same course of conduct as that resulting in the new conviction." To receive sentence credit, a defendant must establish (1) that the defendant was in custody for the period of time at issue, and (2) that, during that time, the defendant was in custody "in connection with" the course of conduct that resulted in the new conviction. *Lange*, 259 Wis. 2d 774, ¶ 41.

¶ 7. The parties agree that, from December 28, 2003, to and including July 18, 2004, a period of 204 days, Hintz was in custody on an extended supervision hold.[3] They dispute whether the extended supervision hold was "for the same course of conduct as that resulting in the new conviction."

¶ 8. Hintz asserts, and the State concedes, that sentence credit must be awarded under WIS. STAT. § 973.155(1)(b) for time in custody on an extended supervision hold if the hold was at least in part due to the conduct resulting in the new conviction. We agree that this self-evident interpretation of § 973.155(1)(b) is consistent with the language and policy of the statute.

¶ 9. The State asserts, however, that even though Hintz would be entitled to sentence credit if his extended supervision hold was at least in part due to the conduct resulting in his new conviction, the record establishes that Hintz was in custody solely for separate violations of his extended supervision. We disagree. Contrary to the State's assertions, the circuit court found that Hintz's involvement in the burglary was one

[3] Hintz concedes that after he was sentenced on July 19, 2004, following his extended supervision revocation, any connection between his custody and the new crime was severed. *See State v. Beets*, 124 Wis. 2d 372, 379, 369 N.W.2d 382 (1985). Hintz therefore seeks sentence credit only for the time before his reconfinement on his OMVWI conviction.

587

of the reasons that Hintz was in custody on the extended supervision hold, and that finding is supported by the record. The court said:

> I don't think he's entitled to the time because it's not solely because of this case that he's being revoked. There's other factors involved, and it's not solely because of this case that he's being held . . . .
>
> I think if in fact it was a situation where he gets arrested on these charges, he's on a probation hold, they decide to revoke because of this case, then I would agree with the defense; he's entitled to the credit because I think the statute tells me that I have to do that. But when you have all these other factors, then I don't think that that's the case because he's not held because of this case. This is just one of the factors.

¶ 10.  Thus, the court specifically addressed the reasons underlying Hintz's extended supervision hold, and found that the hold was based on multiple factors, including Hintz's involvement in the burglary that led to his new convictions. This finding is supported by the record and thus not clearly erroneous. *See Noll*, 115 Wis. 2d at 643–44. The pre-sentence investigation report states: "An Apprehension Request was issued and the defendant was detained after his involvement in the thefts from the poker machines." The extended supervision revocation petition also states that Hintz's probation agent learned that he was involved in the burglary before issuing the hold. Thus, the court's finding that the hold was placed in part due to Hintz's involvement in the burglary was not clearly erroneous.

¶ 11.  Finally, the State argues that Hintz was not in custody in connection with the burglary because he was released on signature bond with respect to charges

in that matter during the disputed time period. Thus, the State argues, Hintz was in custody solely for the extended supervision hold, which was based on his original OMVWI conviction. However, just because a judicial officer released Hintz on a signature bond does not mean that Hintz's agent could not take the alleged behavior into account when placing the hold. Thus, we conclude that our interpretation of WIS. STAT. § 973.155(1) as allowing sentence credit for time in custody that is in part due to the conduct resulting in the new conviction resolves this issue.

¶ 12.  Because we affirm the circuit court's finding that the extended supervision hold was placed in part due to the conduct resulting in the burglary conviction, we conclude that Hintz is entitled to 204 days of sentence credit. Accordingly, we reverse and remand for proceedings consistent with this opinion.

*By the Court.*—Order reversed and cause remanded for proceedings consistent with this opinion.