## COURT OF APPEALS
## DECISION
## DATED AND FILED

## January 28, 2020

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

**Appeal Nos. 2019AP912-CR**
**2019AP913-CR**

Cir. Ct. Nos. 2016CF3383
2017CF1033

**STATE OF WISCONSIN**

**IN COURT OF APPEALS**
**DISTRICT I**

STATE OF WISCONSIN,

     PLAINTIFF-RESPONDENT,

  V.

CAMRON RUFUS SPENCER,

     DEFENDANT-APPELLANT.

---

APPEALS from orders of the circuit court for Milwaukee County: MICHAEL J. HANRAHAN, Judge. *Affirmed*.

¶1 DUGAN, J.[1] Camron Rufus Spencer, *pro se*, appeals the circuit court's orders denying his initial postconviction motion, and his motion for

---

[1] This appeal is decided by one judge pursuant to WIS. STAT. § 752.31(2)(f) (2017-18). All references to the Wisconsin Statutes are to the 2017-18 version unless otherwise noted.

reconsideration, after he pled guilty to and was convicted of one count of misdemeanor battery as an act of domestic violence as a repeater, and one count of misdemeanor victim intimidation as an act of domestic violence as a repeater.[2]

¶2 On appeal, Spencer argues that the trial court erred when it concluded that he is not entitled to jail time sentence credit for the 179-day period that he was in custody between June 2 and November 28, 2017.[3] We conclude the trial court properly determined that Spencer was not entitled to the sentence credit for that time period. Therefore, we affirm.

## BACKGROUND

### *Case No. 16CF3383-the battery case*

¶3 On July 29, 2016, Spencer was charged in case No. 16CF3383 (battery case) with strangulation and suffocation, misdemeanor battery, and disorderly conduct, with each count alleged to be an act of domestic abuse as a repeater.[4] All three counts related to a July 27, 2016 domestic violence incident with victim L.M.B. After Spencer's arrest, a court commissioner set bail at

---

[2] These consolidated appeals are from two separate Milwaukee County Circuit Court cases. The first case, filed in July 2016, was presided over by the Honorable Janet Protasiewicz until early February 2017, when the first case was transferred to the Honorable Michael J. Hanrahan. Later in February 2017 a second case was filed against Spencer and assigned to Judge Hanrahan.

In April 2017, Judge Hanrahan granted the State's motion seeking an order joining the two cases for trial. On September 18, 2019, we issued an order consolidating the appeals. In this opinion, we refer to Judge Protasiewicz as the circuit court and Judge Hanrahan as the trial court.

[3] We liberally construe Spencer's arguments because he proceeds *pro se*.

[4] The repeater allegations in the battery case were based on Spencer's prior federal felony conviction in *United States v. Spencer*, No. 12-CR-154 (E.D. Wis.). Spencer was on federal supervised release when he was charged in the battery case.

$10,000 cash and entered a no-contact order as to L.M.B., and Spencer remained in custody.

¶4     On February 9, 2017, a federal detainer was lodged against Spencer, which continued until March 29, 2017.

### Case No. 17CF1033-the intimidation case

¶5     On December 5, 2016, L.M.B. filed a letter requesting that the charges against Spencer be dropped.

¶6     Investigators then determined that someone called L.M.B. from the jail on November 21 and November 23, 2016, and it appeared the caller was Spencer. On February 8, 2017, investigators confirmed that Spencer had called L.M.B. from the jail, and that he had urged her to write the letter to the circuit court requesting that the charges in the battery case be dropped.

¶7     Spencer's November 2016 phone calls to L.M.B. led to a new criminal complaint, case No. 17CF1033 (intimidation case), that was issued against Spencer on February 28, 2017. In the intimidation case, Spencer was charged with one count of felony intimidation of a victim and two counts of misdemeanor intimidation of a victim—with each count alleged as an act of domestic abuse as a repeater. Spencer remained in custody until April 18, 2017, when he was released on $3000 cash bail in the intimidation case.[5]

---

[5] Previously, in the battery case, the trial court reduced the bail from $10,000 cash to a $2500 personal recognizance bond because the speedy trial demand date had not been met. *See* WIS. STAT. §§ 971.10(2)(a) & (4).

### *Case No. 17CF2670-the firearms case*

¶8      The State asserts that on June 2, 2017, Spencer was arrested for a felon in possession of a firearm offense which was alleged to have occurred that day.  The State further asserts that, on June 7, 2017, Spencer was charged with being a felon in possession of a firearm and bail jumping in Milwaukee County Circuit Court case No. 17CF2670 (firearms case).[6]  A second federal hold was lodged against Spencer and he remained in custody.

¶9      At some later date, a federal grand jury for the United States District Court for the Eastern District of Wisconsin returned an indictment charging Spencer with one count of the federal offense of being a felon in possession of a firearm.  *See United States v. Spencer*, No. 17-CR-157 (E.D. Wis.).  The charged conduct was the same conduct that was the basis for the charges in the firearms case.  In the wake of the federal indictment, the State dismissed the firearms case on October 4, 2017.

### *Guilty pleas and sentencing in the battery and intimidation cases*

¶10     On November 27, 2017, pursuant to a plea agreement, Spencer entered guilty pleas to one count of misdemeanor battery as an act of domestic violence as a repeater in the battery case, and one count of misdemeanor victim intimidation as an act of domestic violence as a repeater in the intimidation case.

---

[6] We note that there is no record of this case on the Wisconsin Consolidated Court Automation Programs Case Management System.  However, Spencer did not file a reply brief and, therefore, concedes the State's factual assertions in the above sentences.  *See Charolais Breeding Ranches, Ltd. v. FPC Secs.*, 90 Wis. 2d 97, 109, 279 N.W.2d 493 (Ct. App. 1979). The trial court also found that from June 2, through November 28, 2017, Spencer was in custody in connection with the firearms case, which was dismissed when Spencer was federally indicted for the same course of conduct.

4

The remaining charges in both cases were dismissed, but read in at sentencing. The trial court accepted the guilty pleas.

¶11    On November 28, 2017, the trial court conducted a sentencing hearing. Based on the following two time periods when Spencer was jailed, trial counsel requested a total of 349 days of sentencing credit. Trial counsel requested credit for the 170 days between Spencer's July 2016 arrest in the battery case and April 18, 2017, when he was released on bail in the intimidation case. The State stipulated to sentencing credit for that 170-day period.

¶12    Trial counsel also requested sentencing credit for the 179-day period between Spencer's June 2, 2017 arrest on the felon in possession of a firearm charge through the November 28, 2017 sentencing in the battery and intimidation cases. The State objected. Trial counsel then said that he would provide the trial court with information regarding the 179-day sentencing credit request.

¶13    The trial court granted Spencer's request for sentencing credit for 170 days of sentencing credit, but it delayed resolution of the sentence credit issue regarding the 179-days until after trial counsel provided the additional information.

¶14    The trial court then imposed a sentence in the battery case of twelve months of initial confinement, followed by twelve months of extended supervision. As to the intimidation case, the trial court sentenced Spencer to ninety days in the Milwaukee County House of Correction, consecutive any other sentence.

¶15    On December 22, 2017, trial counsel filed a letter with information regarding the 179 days of sentencing credit and a letter from Spencer's federal

court attorney. Spencer then filed a *pro se* motion requesting sentence credit for the 179 days.[7] A staff attorney with the trial court wrote Spencer, informing him that the trial court did not have his federal court records and that the trial court "[would] not entertain [his] current request without documentation or proof that [he] did not receive credit for the period of 179 days from June 2, 2017 to November 28, 2017 toward either [his] new federal case or the revocation of [his] prior [federal] case[.]" The staff attorney also advised Spencer to file such documentation.

¶16 On March 21, 2019, Spencer filed an affidavit with the following documents which he swore were provided to him by officials at the federal correctional facility where he was confined: (1) pages three and four of a document entitled "public information inmate data as of 5-21-2018"; and (2) page one of a document entitled "sentencing monitoring computation data as of 12-18-2018".[8]

¶17 On April 1, 2019, the trial court issued an order denying the motions because the 179 days for which Spencer sought credit was related to the firearms offense charged in the firearms case, which the State had dismissed, and Spencer's firearms related conduct was not part of the course of the conduct for which he

---

[7] All of Spencer's subsequent filings have been *pro se*. We refer to documents in the singular because identical documents were filed in the battery and the intimidation cases.

[8] Attached to Spencer's appellate brief is page two of "sentencing monitoring computation data as of 5-21-2018" document. We may only consider documents contained in the appellate record. *See Fiumefreddo v. McLean*, 174 Wis. 2d 10, 26, 496 N.W.2d 226 (Ct. App. 1993). There is no indication that the additional page attached Spencer's appellate brief is part of the record, and thus, we do not further consider its contents.

was sentenced in the battery or the intimidation cases. The trial court stated that Spencer was obliged to petition the federal court for sentencing credit.

¶18 Spencer then filed a motion for reconsideration advising the trial court that the federal court would not award him credit in the federal firearms case. The trial court issued an order on April 24, 2019, denying the motion for reconsideration. This appeal followed.

## DISCUSSION

¶19 Spencer argues that the trial court erred when it concluded that he is not entitled to 179 days of "jail time credit," for the 179 days that he was in custody between June and November 2017.

¶20 Relying on *State v. Beiersdorf*, 208 Wis. 2d 492, 494-96, 561 N.W.2d 749 (Ct. App. 1997), the State argues that Spencer is not entitled to any credit for the 179-day period because the conduct that brought Spencer into custody in June 2016 was unrelated to the course of conduct for which he was sentenced on November 28, 2017. The State also argues that Spencer's assertion that he did not receive credit in his federal cases for the 179-day time period is not entirely correct and that, even if Spencer was entitled to credit, he would be entitled to no more than sixty-eight days of credit.[9]

---

[9] The State argues that Spencer has received or would receive excessive sentencing credit, if he received more than sixty-eight days of credit. As an appellate court, we decide cases on the narrowest possible grounds. *See State v. Blalock*, 150 Wis. 2d 688, 703, 442 N.W.2d 514 (Ct. App. 1989). We need not address the State's argument because we conclude that Spencer is not entitled to any sentencing credit in the battery or the intimidation cases for the 179-day period from June 2 through November 28, 2017.

¶21  Instead of filing a reply brief, Spencer filed a letter stating that he does not entirely agree with the State's perception of jail time, but he "rests [his] case due to inadequate structure … to properly respond[.]"

### I.     Applicable law and standard of review

¶22  The application of the sentence credit statute, WIS. STAT. § 973.155, to a particular set of facts presents a question of law that we review independently. *See* ***State v. Hintz***, 2007 WI App 113, ¶5, 300 Wis. 2d 583, 731 N.W.2d 646. However, on review, this court upholds any factual findings made by the trial court unless they are clearly erroneous.  *See* ***id.***

¶23  WISCONSIN STAT. § 973.155(1)(a) states "[a] convicted offender shall be given credit toward the service of his or her sentence for all days spent in custody in connection with the course of conduct for which sentence was imposed."  As our supreme court has explained:

> Neither the statute nor the case law … justifies crediting a defendant's sentence for time spent in presentence custody that is not related to the matter for which sentence is imposed.
>
> Moreover, the presentence custody's "connection with" the sentence imposed must be factual; a mere procedural connection will not suffice.

*See* ***State v. Johnson***, 2009 WI 57, ¶¶ 32-33, 318 Wis. 2d 21, 767 N.W.2d 207 (citations omitted).  In order to obtain sentence credit under the statute a defendant must show:  (1) that he or she was "in custody" during the relevant time period; and (2) that the custody was "in connection with the course of conduct for which sentence was imposed."  *See* ***id.***, ¶27 (citing § 973.155(1)(a)); *See also*, ***State v. Villalobos***, 196 Wis. 2d 141, 148, 537 N.W.2d 139 (Ct. App. 1995).  The purpose

8

of § 973.155 is to prevent a defendant from serving more time than called for by his or her sentence. *Johnson*, 318 Wis. 2d 21, ¶31.

### II. The trial court properly concluded that Spencer is not entitled to an additional 179 days of sentence credit

¶24 In this case, the parties agree that Spencer was "in custody" during the June through November 2017 time period within the meaning of WIS. STAT. § 973.155(1)(a). The issue for resolution is whether Spencer's custody during that time period was "in connection with" the course of conduct for which the trial court imposed sentence in the battery case or the intimidation case. We conclude that based on the statute and related case law, Spencer is not entitled to any sentence credit for the 179-day time period.[10]

¶25 To qualify as time spent "in connection with" the course of conduct giving rise to a sentence, a period of custody must be "factually connected with the course of conduct for which sentence was imposed." *Johnson*, 318 Wis. 2d 21, ¶3. "[A] mere procedural connection will not suffice." *Id.*, ¶33. The term "course of conduct," in turn, refers to the specific offense or acts embodied in the charges for which the defendant was sentenced. *See State v. Tuescher*, 226 Wis. 2d 465, 471-72, 595 N.W.2d 443 (Ct. App. 1999).

¶26 The course of conduct involved in the battery case was Spencer's domestic abuse of L.M.B. The course of conduct involved in the intimidation case was Spencer's intimidation of L.M.B. The 179-day period from June 2 through

---

[10] On appeal, Spencer relies on *Burke v. Johnston*, 452 F.3d 665, 668 (7th Cir. 2006). The case is not relevant to the issues on appeal. On appeal, the issues in that case were whether the federal court lacked subject matter jurisdiction over the lawsuit and whether the lawsuit was barred by issue preclusion. *See id.* at 667.

November 28, 2017, for which Spencer seeks sentencing credit was based on his possession of a firearm as a felon. Spencer's course of conduct was not factually connected with" the course of conduct for which Spencer was sentenced in either the battery case or the intimidation case. Therefore, we conclude that Spencer failed to meet his burden of establishing that the 179-days were "in connection with the course of conduct" for which the battery or the victim intimidation sentences were imposed. *See **Villalobos***, 196 Wis. 2d at 148.

## CONCLUSION

¶27     For the reasons stated, we affirm the trial court's orders.

*By the Court.*—Orders affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809. 23(1)(b)(4).