**2021 WI App 59**

# COURT OF APPEALS OF WISCONSIN
## PUBLISHED OPINION

Case No.: 2020AP976-CR

Complete Title of Case:

### STATE OF WISCONSIN,

#### PLAINTIFF-RESPONDENT,

#### V.

### AVERY B. THOMAS, JR.,

#### DEFENDANT-APPELLANT.

| | |
|---|---|
| Opinion Filed: | July 28, 2021 |
| Submitted on Briefs: | May 13, 2021 |
| Oral Argument: | |

| | |
|---|---|
| JUDGES: | Neubauer, C.J., Reilly, P.J., and Gundrum, J. |
| Concurred: | |
| Dissented: | |

| | |
|---|---|
| Appellant ATTORNEYS: | On behalf of the defendant-appellant, the cause was submitted on the briefs of *Jay R. Pucek*, assistant state public defender of Milwaukee. |
| Respondent ATTORNEYS: | On behalf of the plaintiff-respondent, the cause was submitted on the brief of *Jacob J. Wittwer*, assistant attorney general, *Joshua L. Kaul*, attorney general. |

COURT OF APPEALS
DECISION
DATED AND FILED

July 28, 2021

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2020AP976-CR**

STATE OF WISCONSIN

Cir. Ct. No. **2018CF272**

**IN COURT OF APPEALS**

---

STATE OF WISCONSIN,

   PLAINTIFF-RESPONDENT,

 V.

AVERY B. THOMAS, JR.,

   DEFENDANT-APPELLANT.

---

APPEAL from a judgment and an order of the circuit court for Racine County: WYNNE P. LAUFENBERG, Judge. *Reversed and cause remanded with directions*.

Before Neubauer, C.J., Reilly, P.J., and Gundrum, J.

¶1 REILLY, P.J. Avery B. Thomas, Jr. appeals from the denial of sentence credit for forty-eight days spent in federal custody based on a hold that was imposed due to his criminal conduct in this case. The circuit court denied the

sentence credit on the ground that WIS. STAT. § 973.155(1)(b) (2019-20)[1] only applies to state holds. We reverse, as "[t]he clear intent of [§] 973.155 is to grant credit for each day in custody regardless of the basis for the confinement *as long as it is connected to the offense for which sentence is imposed*." ***State v. Elandis Johnson***, 2009 WI 57, ¶31, 318 Wis. 2d 21, 767 N.W.2d 207 (quoting ***State v. Gilbert***, 115 Wis. 2d 371, 380, 340 N.W.2d 511 (1983)).

*Facts*

¶2 Thomas delivered drugs to a police informant on four separate dates in January and February 2018 and was arrested on February 21, 2018. At the time of his arrest, Thomas was on supervised release from a federal sentence, and as a result of his illegal conduct in this case, a federal warrant was issued. The State charged Thomas with nine drug crimes, including four charges for delivering heroin, one for delivering cocaine, one for keeping a drug trafficking place, and three for possessing drugs. Thomas made his initial appearance in this case on February 23, 2018. The court imposed $10,000 cash bail, which Thomas was not able to post.

¶3 Thomas pled guilty to five of the charges[2] on February 15, 2019, and sentencing was set for June 10, 2019. On April 1, 2019, the court modified Thomas' bail from $10,000 cash to a $10,000 signature bond. Thomas was not released from custody due to the federal revocation hold. On May 20, 2019, Thomas was

---

[1] All references to the Wisconsin Statutes are to the 2019-20 version.

[2] Two counts of delivering heroin, one count of delivering cocaine, one count of possessing a narcotic drug, second and subsequent offense, and one count of possessing cocaine, second and subsequent offense.

sentenced in his federal case for violating the terms of his supervised release, and he began serving that sentence.

¶4     Thomas was sentenced in this case on June 10, 2019, and received a fourteen-year prison sentence.[3]  The court awarded 403 days of pretrial sentence credit for the period from February 21, 2018, (his arrest) to April 1, 2019, (when bail was converted to a signature bond).  The court refused sentence credit on the custodial period between April 2, 2019, and Thomas' federal sentencing on May 20, 2019, (forty-eight days) on the ground that Thomas was on a signature bond in this case during that time.

¶5     Thomas brought a postconviction motion for forty-eight days of sentence credit.[4]  The circuit court again denied Thomas' request, reasoning that WIS. STAT. § 973.155(1)(b) only applies to state holds.  Thomas appeals from his judgment of conviction and from the order denying his postconviction motion.

*Standard of Review*

¶6     This case requires us to interpret WIS. STAT. § 973.155, which is a question of law that we review de novo.  ***State v. Hintz***, 2007 WI App 113, ¶5, 300 Wis. 2d 583, 731 N.W.2d 646.  We will independently determine whether Thomas

---

[3] Seven years' initial confinement followed by seven years' extended supervision, to be served concurrent with the sentence in his federal case.

[4] Thomas sought fifty days of additional sentence credit, observing that the period from February 21, 2018, to April 1, 2019, actually represented 405 days, not 403 days.  The circuit court granted Thomas' request for those additional two days.  The remaining forty-eight days pertained to the period between April 2, 2019, and May 20, 2019, when he was on the federal revocation hold.

is entitled to receive the requested sentence credit, but we will uphold the circuit court's factual findings unless clearly erroneous. *See id.*

*Sentence Credit*

¶7    WISCONSIN STAT. § 973.155(1)(a)[5] is unambiguous and requires that a defendant "shall be given credit toward the service of his or her sentence for all days spent in custody in connection with the course of conduct for which sentence was imposed." The award of sentence credit is a matter of equal protection and "is designed to afford fairness so that a person does not serve more time than that to which he or she is sentenced." ***State v. Obriecht***, 2015 WI 66, ¶23, 363 Wis. 2d 816, 867 N.W.2d 387. A defendant is entitled to sentence credit if (1) the defendant

---

[5] WISCONSIN STAT. § 973.155, addressing sentence credit, provides in relevant part:

> **(1)**(a) A convicted offender shall be given credit toward the service of his or her sentence for all days spent in custody in connection with the course of conduct for which sentence was imposed. As used in this subsection, "actual days spent in custody" includes, without limitation by enumeration, confinement related to an offense for which the offender is ultimately sentenced, or for any other sentence arising out of the same course of conduct, which occurs:
>
> > 1. While the offender is awaiting trial;
> >
> > 2. While the offender is being tried; and
> >
> > 3. While the offender is awaiting imposition of sentence after trial.
>
> (b) The categories in par. (a) and sub. (1m) include custody of the convicted offender which is in whole or in part the result of a probation, extended supervision or parole hold under [WIS. STAT. §§] 302.113(8m), 302.114 (8m), 304.06(3), or 973.10(2) placed upon the person for the same course of conduct as that resulting in the new conviction.

4

"was 'in custody' for the period under consideration," and (2) that "custody was 'in connection with the course of conduct for which sentence was imposed.'" *Id.*, ¶25 (citation omitted). "To qualify as time spent 'in connection with' the course of conduct giving rise to a sentence, a period of custody must be 'factually connected with the course of conduct for which sentence was imposed.'" *State v. Zahurones*, 2019 WI App 57, ¶14, 389 Wis. 2d 69, 934 N.W.2d 905 (quoting *Elandis Johnson*, 318 Wis. 2d 21, ¶3). "[A] mere procedural connection will not suffice." *Id.* (alteration in original; citation omitted). "The term 'course of conduct,' in turn, refers to the specific offense or acts embodied in the charge for which the defendant is being sentenced." *Id.*

¶8　　Neither whether Thomas was in custody nor whether the custody was "in connection with the course of conduct for which sentence was imposed" is being challenged in this case.[6]　It is undisputed that Thomas was in custody for forty-eight days—April 2, 2019, to May 20, 2019—based on a federal hold that was a result of his criminal conduct in this case. The State does not contest that Thomas would have been entitled to the forty-eight days credit had he been on a state hold, citing to *Hintz*, 300 Wis. 2d 583, ¶¶9-11. Instead, the State argues that WIS. STAT. § 973.155(1)(b) does not authorize credit for a federal hold even if the hold was for conduct in connection with the state sentence.

¶9　　In *Hintz*, the defendant committed two burglaries while on extended supervision for a fifth offense operating while intoxicated (OWI) conviction. *Hintz*, 300 Wis. 2d 583, ¶¶2-3. Hintz was taken into custody, and the probation agent

---

[6] The State also concedes that "an award of credit against the federal sentence would not appear to preclude a state court order of credit for the same time because the sentences were ordered to run concurrently," citing *State v. Boettcher*, 144 Wis. 2d 86, 423 N.W.2d 533 (1988).

placed an extended supervision hold on him. *Id.*, ¶3. He signed a signature bond on the burglary charges, but he remained in custody on the extended supervision hold for the OWI conviction. *Id.* Hintz sought sentence credit for the time he was in custody on the extended supervision hold against his sentence on the burglary charges. *Id.*, ¶4. This court concluded that Hintz was entitled to credit on the extended supervision hold, as "the hold was at least in part due to the conduct resulting in the new conviction." *Id.*, ¶8. Therefore, his custody was "in connection with" the same course of conduct for his sentence on the burglary charges. *See* WIS. STAT. § 973.155(1)(a).

¶10 Pertinent to this case, we rejected the State's argument that "Hintz was not in custody in connection with the burglary because he was released on signature bond with respect to charges in that matter during the disputed time period." *Hintz*, 300 Wis. 2d 583, ¶11. We explained that "just because a judicial officer released Hintz on a signature bond does not mean that Hintz's agent could not take the alleged behavior into account when placing the hold. Thus, we conclude that our interpretation of WIS. STAT. § 973.155(1) as allowing sentence credit for time in custody that is in part due to the conduct resulting in the new conviction resolves this issue." *Hintz*, 300 Wis. 2d 583, ¶11; *see also Zahurones*, 389 Wis. 2d 69, ¶¶18-29 (noting that "both this court and the Wisconsin Supreme Court have upheld sentence credit for periods of custody during which the defendants were technically 'free' on bond on the charges for which they were ultimately sentenced," citing *Hintz*, and distinguishing *State v. Beiersdorf*, 208 Wis. 2d 492, 561 N.W.2d 749 (Ct. App. 1997); *State v. Marcus Johnson*, 2007 WI 107, 304 Wis. 2d 318, 735 N.W.2d 505; and *Elandis Johnson* based on the need for a "factual connection between the relevant period of custody and the course of conduct for which the defendant was sentenced").

¶11 The State argues that ***Hintz*** is distinguishable, as WIS. STAT. § 973.155(1)(b) "does not authorize credit for custody that is the result of *all* probation, supervision, and parole holds issued by any jurisdiction," only "holds issued pursuant to Wisconsin law." According to the State, "***Hintz*** did not address whether credit is available for custody on a hold not among those listed in" § 973.155(1)(b).

¶12 The State's reliance on WIS. STAT. § 973.155(1)(b) is misplaced. First, the State's position ignores the fact that paragraph (b) of § 973.155(1) does not specifically exclude federal holds from sentence credit; it simply explains that sentence credit is available for state probation, extended supervision, and parole holds. And second, paragraph (a) remains applicable under the circumstances. Section 973.155(1)(a) provides that "[a] convicted offender *shall* be given credit toward the service of his or her sentence for *all* days spent in custody *in connection with the course of conduct for which sentence was imposed*." (Emphasis added.) The statute further provides that "'actual days spent in custody' includes, *without limitation by enumeration*, confinement related to an offense for which the offender is ultimately sentenced, or for any other sentence arising out of the same course of conduct" which occurs while the defendant is awaiting trial, being tried, or awaiting imposition of sentence after trial. Sec. 973.155(1)(a) (emphasis added). This general provision makes clear that the enumeration of "actual days spent in custody" under § 973.155(1)(a) is not limited to those examples in § 973.155(1)(b). As our supreme court explained, "[t]he clear intent of [§] 973.155, is to grant credit for each day in custody *regardless of the basis for the confinement* as long as it is connected to the offense for which sentence is imposed." ***Gilbert***, 115 Wis. 2d at 380 (emphasis added).

7

¶13     Under WIS. STAT. § 973.115(1)(a), Thomas is entitled to credit for all days spent in custody in connection with the course of conduct for which he was arrested on February 21, 2018.  We see no legal or statutory reason why Thomas should sit in a different position from the defendant in *Hintz* based on his *federal* hold, where the statute does not specifically require that result.  "[F]airness" dictates that Thomas not serve more time than that to which he was sentenced, and the forty-eight days he spent in custody was "in connection with the course of conduct for which sentence was imposed" in this case.  *See Obriecht*, 363 Wis. 2d 816, ¶¶23, 25 (citation omitted).

¶14     Judgment reversed and remanded with directions to amend the judgment of conviction to reflect the additional forty-eight days of sentence credit.

*By the Court.*—Judgment and order reversed and cause remanded with directions.